Case 1:07-cv-00715-SHR   Document 44   Filed 05/22/08   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUBIR RAY,** | Civil No. 1:07-CV-0715 |
| Plaintiff, | JUDGE SYLVIA H. RAMBO |
| v. | |
| **PINNACLE HEALTH HOSPITALS, INC., RAYMOND KOSTIN, DANA KELLIS, and ROGER LOGENDERFER,** | |
| Defendants. | |

## M E M O R A N D U M and O R D E R

The background of this order is as follows. In this action Plaintiff Subir Ray, a doctor, sues his former employer Pinnacle Health and various Pinnacle employees pursuant to 42 U.S.C. §§ 1981 and 1985. He alleges that Defendants discriminated against him on the basis of race and nationality by not appointing him to the faculty of Pinnacle Health's Surgical Residency Program and denying him reappointment as a staff member of Pinnacle Health's Department of Surgery. Plaintiff had sought to join the faculty from 1995 until his termination in November 2006. Defendants claim Plaintiff was removed because of sub-standard performance, not race or national origin.

Before the court is a discovery dispute concerning the production of information related to Pinnacle Health's peer review process. Plaintiff seeks quality assurance documents for all surgical medical staff at Pinnacle, and records of fair hearing and appeal review committees, for a six year period dating from January 1, 2000 until December 31, 2006. Defendants claim that the information is privileged under the Pennsylvania Peer Review Protection Act, 63 Pa. Cons. Stat. Ann. § 425.1

*et seq*.  Furthermore, Defendants argue that they have already disclosed to Plaintiff his own peer review file and a composite document summarizing performance review outcomes from 2005-2006 generally, and that these are an adequate substitute for the material Plaintiff seeks.  However, the composite document does not specify the race or national origin of the doctors involved, and it is limited to two years.  The court has reviewed Defendants' *in camera* submissions, and the parties have briefed the issue, which is now ripe for disposition.

      In a suit under federal law, federal rather than state privilege law applies.[1]  *Pearson v. Miller*, 211 F.3d 57, 66 (3d Cir. 2000).  Although every state including Pennsylvania recognizes some form of medical peer review privilege, no federal court has ever recognized such a privilege under federal law.  The Third Circuit has not yet considered the issue, but the three circuits to do so have all declined to recognize a federal peer review privilege.  *See Adkins v. Christie*, 488 F.3d 1324 (11th Cir. 2007); *Virmani v. Novant Health Inc.*, 259 F.3d 284 (2001); *Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058, 1063 (7th Cir. 1981).  The general purpose of a peer review privilege is to encourage candor among medical staff by shielding the information from disclosure in medical malpractice suits.  However, this purpose is not furthered by recognizing the

---

[1] Federal Rule of Evidence 501 provides as follows:
Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

privilege in civil rights cases. Recognizing this, Congress has specifically considered and rejected the applicability of a federal peer review privilege to civil rights lawsuits. *See* 42 U.S.C. § 11111. This court declines the opportunity to be the first to recognize a federal peer review privilege. Because Plaintiff's suit is brought in federal court under federal law, the state peer review privilege does not apply, and the peer review material sought is not privileged.

Though the court declines to recognize a federal peer review privilege, "the district court retains its authority to protect [Defendants'] interests through other established means such as protective orders, confidentiality agreements, and when appropriate, by disclosure only after in-camera review of these documents." *Adkins*, 488 F.3d at 1329. Here, a protective order is already in place, requiring Plaintiff to protect the confidentiality of information disclosed in discovery. (*See* Doc. 36.) The court recognizes Defendants' concerns regarding the release of the names of individual doctors, but this must be balanced against Plaintiff's need for information relating to Defendants' treatment of similarly situated doctors in order to prove his case. The composite document produced by Defendants is not an adequate substitute for the material requested. It does not cover the entire period at issue in this suit. Nor does it specify the race and national origin of the doctors subject to peer review, or describe which individual doctors were responsible for the adverse outcomes reviewed. Defendants must provide the quality assurance material requested by Plaintiff from 2000 through 2006; however they will be permitted to redact the names of other doctors, provided that the race and national origin of those doctors is specified.

Accordingly, **IT IS HEREBY ORDERED THAT** Defendants shall produce quality assurance documents for all surgical medical staff at Pinnacle, and records of fair hearing and appeal review committees, for the six year period dating from January 1, 2000 until December 31, 2006.  Defendants may redact the names of individual doctors, but must specify the race and national origin of those doctors.

                                                s/Sylvia H. Rambo  
                                                SYLVIA H. RAMBO  
                                                United States District Judge

Dated:  May 22, 2008.