IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUBIR RAY,** | Civil No. 1:07-CV-0715 |
| Plaintiff, | JUDGE SYLVIA H. RAMBO |
| v. | |
| **PINNACLE HEALTH HOSPITALS, INC., RAYMOND KOSTIN, DANA KELLIS, and ROGER LOGENDERFER,** | |
| Defendants. | |

## M E M O R A N D U M and O R D E R

In a memorandum and order dated May 22, 2008, this court declined to recognize a federal peer review privilege. (Doc. 44.) Defendants were ordered to produce certain documents created in the peer review process, but were permitted to preserve the confidentiality of the documents by redacting the names of individual doctors while specifying their race and national origin. Defendants now request that the court amend its order pursuant to 28 U.S.C. § 1292(b)[1] to certify for interlocutory appeal the issue of federal recognition of a peer review privilege. An appeal may be certified if this court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b).

---

[1] Defendants also appear to argue in their reply brief that the Third Circuit's decision in *Pearson v. Miller*, 211 F.3d 57 (3d Cir. 2000), provides some basis for the relief they are seeking. However, Defendants' reliance on *Pearson* is misplaced for two reasons. First, the collateral order doctrine discussed in *Pearson* concerns appellate jurisdiction, and does not address the issue of whether a district court should certify an issue for interlocutory appeal. Second, as discussed below, *Pearson* reiterates the well-established rule that in federal court, federal rather than state law governs the recognition of a privilege in cases involving federal claims. *Id.* at 61. Thus, to the extent that Defendants argue that the Pennsylvania Peer Review Protection Act should apply to a federal claim brought in federal court, *Pearson* holds to the contrary.

The court declines to certify the issue of recognition of a federal peer review privilege because there is no substantial ground for difference of opinion on the issue.  There can be no doubt that federal rather than state privilege law applies to a federal action in federal court.  Fed. R. Evid. 501; *see also Pearson v. Miller*, 211 F.3d 57, 66 (3d Cir. 2000).  The two cases cited by Defendants, *Corrigan v. Methodist Hospital*, 857 F. Supp. 434 (E.D. Pa. 1994), and *Sklaroff v. Allegheny Health Education Research Foundation*, 1996 WL 311456 (E.D. Pa. June 5, 1996), in which federal courts applied the Pennsylvania Peer Review Protection Act, do not constitute a substantial ground for difference of opinion.  Defendants fail to acknowledge that unlike the case at bar, *Corrigan* was a diversity case in which state rather than federal law of privilege applied.  Additionally, although *Sklaroff* involved a federal RICO claim, that court appears to have erred in applying the state peer review privilege statute in a federal case.  In no way did the court in *Sklaroff* recognize a *federal* peer review privilege.  Nor does this single unpublished district court opinion from twelve years ago persuade this court that there is any substantial ground for difference of opinion as to the applicability of state privilege law to federal claims in federal court.  Furthermore, if there was ever any doubt on this point, it was conclusively settled by the Third Circuit in *Pearson*, which reiterated the long-established rule that federal law of privilege applies to federal claims in federal court.  *Id.* at 66.

Moreover, as discussed in the prior order, every federal court to consider the issue has declined to recognize a federal peer review privilege.  *See, e.g.*, *Adkins v. Christie*, 488 F.3d 1324 (11th Cir. 2007); *Virmani v. Novant Health Inc.*, 259 F.3d 284 (2001); *Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058, 1063 (7th Cir. 1981).  Defendants make no effort to distinguish this persuasive authority, nor do they attempt to counter the sound policy arguments

against federal recognition of the peer review privilege set forth in those opinions. Instead Defendants argue that the mere fact that the Third Circuit has yet to consider recognition of a federal peer review privilege warrants certification of the issue for interlocutory appeal. However, given that no federal court has ever recognized the privilege, there is no reason to believe the Third Circuit would reach a contrary result. Thus, this court is satisfied that there is no substantial ground for difference of opinion, such that certification of the issue for interlocutory appeal would be appropriate.

Accordingly, **IT IS HEREBY ORDERED THAT** Defendants' motion (Doc. 45) for certification for interlocutory appeal of this court's May 22, 2008 memorandum and order is **DENIED**.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: June 24, 2008.